**People of the State of Illinois, Plaintiff-Appellee, v. Robert Q. Sylvester, Defendant-Appellant.**

Gen. No. 49,914.

First District, Fourth Division.

September 24, 1965.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John J. Van Zeyl and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

After a bench trial defendant was convicted of unlawful possession of a narcotic drug and sentenced to the penitentiary for a term of two years to two years and a day. Ill Rev Stats (1963), ch 38, §§ 22-3 and 22-40. Defendant contends that the evidence did not prove him guilty beyond a reasonable doubt, and, more specifically, that the State's proof failed to show any connection between defendant and the narcotics introduced into evidence.

Police officer Gary testified that he and officer Jones were standing in civilian clothes on the west side of the

street at 3700 S. State in Chicago on September 20, 1963 at about 2:00 p. m. Continuing with Gary's testimony:

They saw defendant start walking south from a hamburger stand on the east side of the street at 3657 S. State; they walked diagonally across the street toward defendant, and approached him as he neared the corner of 37th Street. When they were about fifteen feet from defendant he (Gary) saw defendant make a motion toward his face with his right hand and a piece of silver tinfoil fell to the ground; that he (Gary) announced his office and told defendant to stop; that Jones picked up the tinfoil two or three feet from defendant. He and Jones then examined the white powder contents of the tinfoil, field tested it, placed defendant under arrest, and took him to the police station. (Defendant denied ownership of the package.) The package was inventoried by Jones and placed in an envelope which was signed by both Jones and Gary and taken to the Crime Laboratory. When a tinfoil package was produced at the trial by Jones, Gary identified it as being similar to the one which had been picked up at defendant's feet at the time of his arrest.

On cross-examination Gary said, "We crossed State Street diagonally in order to approach the defendant from the front. We were further south than the defendant was."

Officer Jones' testimony covered the same account as that of Gary in all but a few respects which are of significance to defendant's contentions in this court. Jones said that when he first saw defendant, he (Jones) was standing directly across the street from the hamburger stand and that Gary was south of him. He also said that when he and Gary approached defendant they did so from the west and north of defendant; and that he did not draw his service revolver at any time. Upon being shown

the tinfoil in court Jones said that he could not say positively that it was the one which he had picked up from the ground near defendant, but that it was of the same tinfoil material and resembled that package in the manner in which it was folded.

Defendant testified that while he was walking toward 37th Street officer Jones came upon him from behind with his pistol out and started beating him;[*] that Jones was alone; that he did not see him pick up anything from the ground; that he (defendant) never saw the tinfoil package until it was shown to him in court; that Jones told him after the arrest, "You swallowed it but we will have something when we get to court." The trial judge apparently found defendant's testimony unbelievable. So do we.

■ Defendant argues, nevertheless, that inconsistencies in the testimony of the two policemen render all their evidence incredible, at least to the point of producing a reasonable doubt of defendant's guilt. In this, defendant makes much of the fact that Gary said "we" approached defendant diagonally from the front, whereas Jones said he approached from the rear. We do not attach significant importance to this discrepancy (if indeed it is a discrepancy in view of the fact that Jones also testified that when they were standing on the west side of the street Gary was south of Jones). People v. Boney, 28 Ill2d 505, 509, 192 NE2d 920; People v. Prochut, 27 Ill2d 298, 300, 189 NE2d 290.

■ Defendant also argues that the evidence showed an imperfect chain of possession of the drug which was introduced into evidence, and thus did not sufficiently connect defendant with its possession.

The police chemist, Vondrak, testified that, after testing the powder in the tinfoil package and finding it to be heroin, he folded it and initialed it for identification. He

---

[*] On rebuttal, Jones denied that he beat defendant or abused him in any way.

also said, in referring to the folded tinfoil at the trial, that when he first saw it the package was narrower and longer. As recited above, Jones testified that the package in court was of the same tinfoil material as the one he had picked up at defendant's feet and resembled that package "in the manner in which it is folded."

Defendant contends that since Vondrak testified that he had refolded the tinfoil into a somewhat different shape from that in which it had previously been folded, the package was not thereafter (i. e., in court) folded in the same "manner"; that Vondrak and Jones must, therefore, have been talking about two different tinfoil packages.

While there should probably be some sort of reward for ingenuity of argument by counsel, we are certain that it should not be the reversal of this conviction.

The judgment and sentence of the Circuit Court are affirmed.

Affirmed.

McCORMICK, P. J., and DRUCKER, J., concur.